IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELVIN SIMMONS,<br><br>        Plaintiff,<br><br>   vs.<br><br>MA. CHRISTINE JOY DE JESUS,<br>aka MA. CHRISTINE JOY<br>SIMMONS, aka CHRISTINE JOY<br>SIMMONS, aka JOY DE JESUS,<br>aka MARIA JOY DE JESUS,<br><br>        Defendant. | CIVIL NO. 14-00403 HG-RLP<br><br>FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES[1]

Before the Court is Plaintiff Kelvin Simmons' Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on September 8, 2014.  ECF No. 5. As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS this action without prejudice and DENY the Application.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. <u>Hearns</u>, 530 F.3d at 1131 (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. <u>See</u>

2

Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief.  First, the Complaint appears to include purported violations of several criminal statutes.  See ECF No. 1 at 1 (citing 18 U.S.C. § 1621, 18 U.S.C. § 242, and 26 U.S.C. § 7206); ECF No. 1 at 2 (citing Haw. Rev. Stat. § 710-1060, § 710-1000(9)).  However, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Second, the Complaint also alleges a violation of Title 42, Chapter 21 of the United States Code, but does not include the specific section that Plaintiff alleges Defendant violated or any facts that would support such a claim against Defendant.  Third, the remaining allegations in Plaintiff's Complaint appear to involve a state court divorce proceeding.  See ECF No. 1 at 1-3.  To the extent Plaintiff is attempting to challenge state court judicial proceedings, this court lacks jurisdiction to hear such claims.  See Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.").

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.3. Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff's Application be DENIED and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) DENY Plaintiff's Application with leave to file another Application if he chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 11, 2014.



Richard L. Puglisi
United States Magistrate Judge

**SIMMONS V. DE JESUS; CIVIL NO. 14-00403 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES**